[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14976
Non-Argument Calendar

_____

BIA No. A95-219-602

MARIA ADELY VANEGAS,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 27, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Maria Adely Vanegas petitions for review of the Board of Immigration Appeals' (BIA's) order affirming without opinion the Immigration Judge's (IJ's) order of removal denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). We deny Vanegas' petition.

## I. BACKGROUND

Vanegas served as president of the local office of the workers' union of the Colombian Social Security Institute. Vanegas received written and telephonic threats from the Popular Liberation Army (EPL) during her time in this position. She also received a telephonic death threat from the EPL more than a year after her resignation from the union.

The IJ found Vanegas to be largely credible, but denied Vanegas' application for asylum because the past threats did not rise to the level of past persecution, and because she had ceased her union activities and had never been physically harmed, Vanegas did not have a well-founded fear of future persecution. The IJ denied withholding of removal on the same grounds. The IJ denied CAT relief because the EPL is a non-governmental entity and the Colombian government has not acquiesced to its activities. Vanegas appealed to the BIA, which affirmed the IJ's decision without opinion.

2

## II.  DISCUSSION

Where, as here, the BIA affirms the IJ without opinion, the IJ's decision becomes the final order subject to review. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005).  We must uphold a factual determinations of the IJ "if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (citation omitted).  The IJ's finding may only be reversed if the evidence compels a reasonable fact finder to find otherwise. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 2245 (2005).

A.  *Asylum*

An alien may obtain asylum if she is a refugee. 8 U.S.C. § 1158(b)(1)(A).  A refugee is a person who is unable or unwilling to return to her home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular group, or political opinion.  8 U.S.C. § 1101(a)(42)(A).  Although the statute does not define persecution, we have held persecution is an extreme concept requiring more than a few isolated incidents of harassment or intimidation. *Sepulveda*, 401 F.3d at 1231.  The asylum applicant carries the burden of proving that she meets this definition. *Al Najjar*, 257 F.3d at 1284.  A showing of past persecution by the alien creates a presumption of a well-founded fear of future persecution, which the government

3

may rebut by showing that country conditions have sufficiently changed or that the alien could relocate within the country. 8 C.F.R. § 208.13(b). A well-founded fear of persecution is one that is subjectively genuine and objectively reasonable. *Al Najjar*, 257 F.3d at 1289.

Substantial evidence supports the IJ's finding that the threats about which Vanegas testified do not amount to past persecution. Vanegas asserts three specific incidents targeting her–two telephonic threats, one at her office and one at her home, stating she was on the list of persons to be targeted, and one letter to her and other union members threatening to "put her in the cemetery." The conduct alleged by Vanegas does not compel the conclusion that she suffered persecution, and not just harassment. *See Sepulveda*, 401 F.3d at 1231. Therefore, Vanegas cannot meet her burden of showing refugee status on the basis of past persecution.[1]

Likewise, substantial evidence supports the IJ's finding that Vanegas does not have a well-founded fear of future persecution in Colombia. While Vanegas' fear may be subjectively genuine, substantial evidence supports the IJ's conclusion that it is not objectively reasonable. Vanegas has not been persecuted in the past

---

[1] Vanegas' arguments regarding whether she was credible and whether the threats were made because of her political opinions are misplaced, as the IJ largely found Vanegas to be credible and never questioned whether the threats were made as a result of Vanegas' political opinions. The IJ noted only one inconsistency in the case, regarding whether a phone call telling Vanegas she was "on the list" of targets was made in December 1999 or February 2001. However, this inconsistency did not affect the IJ's determinations.

and offered only past harassment as evidence of the possibility of future persecution. This evidence does not compel a reasonable fact-finder to conclude that Vanegas' fear of future persecution is objectively reasonable.

Vanegas failed to meet her burden of showing past persecution or a well-founded fear of future persecution. Thus, we deny her petition for review of the denial of her request for asylum.

B. *Withholding of Removal*

To obtain withholding of removal, an alien must show that it is more likely than not that she will be persecuted or tortured upon being returned to her country. *Sepulveda*, 401 F.3d at 1232. This standard is more stringent than the well-founded fear standard for receiving asylum. *Al Najjar*, 257 F.3d at 1292–93. Thus, if an applicant is unable to meet the asylum standard, she is generally unable to qualify for withholding of removal. *Id*.

As Vanegas cannot show the evidence would compel a reasonable fact finder to find her fear of future persecution is well-founded, she cannot show that future persecution is more likely than not. Accordingly, we deny Vanegas' petition for review of the denial of her request for withholding of removal.

C. *CAT Relief*

To receive CAT relief, an alien must show it is more likely than not she would be tortured if removed. 8 C.F.R. § 208.16(c)(2). Torture is any act by

5

which severe suffering is intentionally inflicted by, at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity. 8 C.F.R. § 208.18(a)(1).

The IJ's ruling on Vanegas' CAT claim is supported by substantial evidence. The only evidence before the IJ regarding a possible relationship between the EPL and the Colombian government was that the leader of the EPL was extradited for the 2000 kidnaping and murder of a foreign oil company technician, and that the Colombian government rescued the kidnaped infant child of a former EPL guerilla. This evidence does not compel the conclusion that the EPL operates with the acquiescence of the Colombian government. Further, there is no evidence in the record that Vanegas was previously tortured by the EPL, or that there is a future likelihood of torture. Accordingly, we deny Vanegas' petition for review of the denial of CAT relief.

### III.  CONCLUSION

Substantial evidence supports the IJ's denial of asylum, withholding of removal, and CAT relief. The evidence does not compel an opposite conclusion. Thus, we deny Vanegas' petition.

**PETITION DENIED.**